**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Northern Division**

MARY CARROLL,                                    *
714 Whitmore Avenue                              *
Baltimore, Maryland 21216                        *
                                                 *      Civil Action No.:      **1:26-cv-1965**
and                                              *
                                                 *
CORNELIUS CARROLL,                               *
as Personal Representative of the Estate of      *
Timothy Cartwell                                 *
8633 Glen Hannah Court                           *
Baltimore, Maryland 21224                        *
                                                 *
Plaintiffs,                                      *
                                                 *
v.                                               *
                                                 *
MAYOR AND CITY COUNCIL OF                        *
BALTIMORE                                        *
100 N. Holliday Street                           *
Suite 101, City Hall                             *
Baltimore Maryland 21202                         *
                                                 *
and                                              *
                                                 *
PACCAR INC., d/b/a KENWORTH                      *
TRUCKING COMPANY                                 *
10630 NE 38th Place                              *
Kenworth, Washington 98033                       *
                                                 *
Defendants.                                      *
                                                 *
*      *      *      *      *      *      *      *      *      *      *      *      *

**DEFENDANT MAYOR AND CITY COUNCIL OF BALTIMORE'S**
**<u>NOTICE OF REMOVAL</u>**

Defendant Mayor and City Council of Baltimore, by and through undersigned counsel and

pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby provides notice of its intent to remove

the civil action, styled as *Mary Carroll, et al. v. Mayor and City Council of Baltimore,* (Case No.

C-24-CV-25-009193; hereafter the "Action"), from the Circuit Court for Baltimore City to the United States District Court for the District of Maryland.

## Summary of Grounds For Removal

1.     On or about November 17, 2025, Plaintiffs filed an Action in the Circuit Court for Baltimore City, entitled *Mary Carroll, et al. v. Mayor and City Council of Baltimore,* (Case No. C-24-CV-25-009193). An Amended Complaint was filed by Plaintiffs on March 30, 2026.

2.     Plaintiffs' Complaint brings multiple claims against the Mayor and City Council of Baltimore (the "City").

3.     Plaintiffs' First Claim for Relief is a Fourteenth Amendment Equal Protection claim, brought pursuant 42 U.S.C. 1983.

4.     As the United States Code provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, jurisdiction over Plaintiffs' claim lies in the United States District Court, supporting removal of the action.

5.     Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As such, this Court has the right to exercise supplemental jurisdiction over Plaintiffs' state law claims, further supporting removal of the Action.

## Compliance with 28 U.S.C. §§ 1441, 1446

6.     The City was served with the Amended Complaint on April 20, 2026. The City had never been served with the Complaint originally filed on November 17, 2025.

7.      As such, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), which provides, in relevant part, that "removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

8.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served on the Mayor and City Council of Baltimore, in connection with the Action, are attached hereto as **Exhibit 1**.  Exhibit 1 is comprised of the Amended Complaint and Exhibit A to the Amended Complaint, which includes the writ of summons and the original Complaint filed on November 17, 2025, which were served upon the Mayor and City Council of Baltimore on April 20, 2026.

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously provided to Plaintiffs, through their counsel of record, and filed with the Clerk of the Circuit Court for Baltimore City.  A true and correct copy of the Notice of Filing of Removal is attached hereto as **Exhibit 2.**

10.     Pursuant to 28 U.S.C. § 1446(a), all defendants who have been properly served have consented to the removal of this action.

11.     In accordance with Local Rule 103.5(a), within thirty (30) days after the filing of this Notice of Removal, counsel for the Mayor and City Council of Baltimore will file true and legible copies of all other papers, if any, then on file in the Action, together with a certification from counsel that all filings in the Action have been filed in the United States District Court for the District of Maryland.

12.     In accordance with Local Rule 103.5(c), within seven (7) days after the filing of this Notice of Removal, counsel for the Mayor and City Council of Baltimore will file the disclosures required by Local Rule 103.3.

13.     Pursuant to 28 U.S.C. §§ 1441, 1446 and the Local Rules of this Court, removal of the Action to this Court is appropriate as the prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

### Jurisdiction—Federal Question

14.     This is a civil action over which this Court has jurisdiction, pursuant to 28 U.S.C. § 1331.  In Count I of the Complaint, Plaintiffs allege that the City violated 42 U.S.C. § 1983 by its failure to establish policies, practices and customs sufficient to secure the constitutional rights of Plaintiffs.  *See* Complaint, Count I, ¶¶ 63-70.

### Jurisdiction – Supplemental Maryland State Claims

20.     This is a civil action over which this Court has jurisdiction, pursuant to 28 U.S.C. § 1367(a). Count I of the Complaint is brought under the Fourteenth Amendment of the U.S. Constitution. *Id*.  Plaintiffs also assert violations of federal regulations as well as Maryland common law negligence, gross negligence, wrongful death and survival actions against the City. *Id.* at Count II-IV, IX, XI ¶¶ 71-123; 205-213; 251-254.  This Court's original jurisdiction over the federal claims in the Action, which arose out of decedent Timothy Cartwell's employment with the City, necessarily requires that this Court exercise supplemental jurisdiction over the Maryland State law claims. Such is the case because the Maryland State law claims are "so related to the claims in the action within such original jurisdiction that[, together,] they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

21.     Moreover, this Court should not decline to exercise supplemental jurisdiction, as: (1) this claim raises novel and complex issues of *federal* law; (2) the Maryland State law claims do not predominate over the federal claims for which this Court has original jurisdiction; (3) this Court has not dismissed any claims for which it has original jurisdiction; and (4) there are no other, exceptional, or compelling reasons for this Court to decline jurisdiction. *See* 28 U.S.C. §1367(c)(1)–(4).

### **Reservation of Rights**

22.     Defendant reserves the right to amend or supplement this Notice of Removal.

23.     Defendant also reserves all defenses it may assert against the Plaintiffs' claims, including, without limitation, any defect as to venue or jurisdiction.

**WHEREFORE**, pursuant to 28 U.S.C. § 1331 and 1367, this Court has jurisdiction, and, pursuant to 28 U.S.C. § 1441(a), removal, is appropriate.

Respectfully submitted,

EBONY M. THOMPSON
City Solicitor

/s/ *Hanna Marie C. Sheehan*
HANNA MARIE C. SHEEHAN (#19531)
Chief Solicitor
Baltimore City Law Department
100 Holliday Street, Suite 101
Baltimore, Maryland 21202
Phone: 410-396-4431
Fax:    410-547-1025
Hanna.Sheehan@baltimorecity.gov
*Counsel for Defendant Mayor and City Council of Baltimore*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 19th day of May 2026, a copy of Defendant Mayor and City Council of Baltimore's Notice of Removal was served, on all counsel of record, electronically, via this Court's CM/ECF e-filing system, and via first-class mail, postage prepaid, and via electronic mail to:

Wesley Robert Payne, IV, Esq.
White & Williams, LLP
1650 Market Street, Suite 1800
Philadelphia, Pennsylvania 19103
*Attorney for Plaintiffs*

Daniel S. Katz, Esq.
J. Salvador Icaza, Esq.
Tydings & Rosenberg, LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21201
*Attorneys for PACCAR Inc., d/b/a Kenworth
Trucking Company, Defendant*

/s/ *Hanna Marie C. Sheehan*
HANNA MARIE C. SHEEHAN (#19531)

6