-2-

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARLAND**

**(NORTHERN DIVISION)**

| | |
|---|---|
| Mary Carroll, et. al, | Civil No.  1:26-cv-01965-RDB |
| Plaintiffs, | |
| v. | |
| Mayor and City Council of Baltimore, et. al, Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION TO REMAND**

### I.     INTRODUCTION

This case was removed on the basis of federal-question jurisdiction under 28 U.S.C. § 1331 due to Plaintiff's inclusion of a claim under 42 U.S.C. § 1983. Plaintiff has now filed an Amended Complaint withdrawing the § 1983 claim and asserting only state-law causes of action.

Because the Amended Complaint contains no federal claims and there is no independent basis for federal jurisdiction, this Court lacks subject-matter jurisdiction. Under controlling Supreme Court authority, remand is mandatory.

### II.     BACKGROUND

Plaintiff originally filed this action in the Circuit Court for Baltimore City.  The original Complaint included a claim under 42 U.S.C. § 1983.  On May 19, 2026, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 based on federal-question jurisdiction.

Plaintiff thereafter filed an Amended Complaint withdrawing the § 1983 claim and asserting only Maryland state-law claims.  See, Exhibit "A".  Additionally, no diversity jurisdiction exists under 28 U.S.C. § 1332 because Plaintiff's are residents of Maryland.  Id.

**III.    ARGUMENT**

**A. The Court Lacks Federal Question Jurisdiction After the Withdrawal of the §**

**1983 Claim.**

Federal jurisdiction must be determined based on the operative complaint. Where an amended complaint eliminates the federal claims that provided the basis for removal, the federal court no longer has subject-matter jurisdiction.

In Royal Canin U.S.A. v. Wullschleger, 604 U.S. 22 (2025), the Supreme Court in a unanimous decision held that when a plaintiff amends a complaint to remove the federal claims that enabled removal, the federal court loses federal-question jurisdiction and the accompanying supplemental jurisdiction over state-law claims. The Court specifically stated when an amendment "excises the federal-law claims that enabled removal," the federal court's power to adjudicate the case "dissolves," and the case must be remanded to state court. Id.

Here, Plaintiff's Amended Complaint contains no federal claims whatsoever, and therefore no basis for jurisdiction under 28 U.S.C. § 1331. See Exhibit "A".

**B. Supplemental Jurisdiction Cannot Survive the Elimination of the Federal Claim.**

Defendants' removal relied on supplemental jurisdiction under 28 U.S.C. § 1367 to bring state-law claims into federal court alongside the § 1983 claim.

However, the Supreme Court has held that supplemental jurisdiction cannot exist independently of a valid federal claim. Once the federal claim is removed by amendment, the court's supplemental jurisdiction over state claims is extinguished.

Because Plaintiff has withdrawn the § 1983 claim, there is no remaining anchor for supplemental jurisdiction.

-3-

**C. Remand Is Mandatory Under 28 U.S.C. § 1447(c).**

When a federal court lacks subject-matter jurisdiction, it must remand the action. 28 U.S.C. § 1447(c).  Following <u>Royal Canin</u>, courts no longer retain discretion to keep purely state-law claims after a plaintiff amends away the federal basis for jurisdiction.

Accordingly, remand is not discretionary—it is required.

**IV.  <u>CONCLUSION</u>**

Because Plaintiff has withdrawn the sole federal claim and no independent basis for federal jurisdiction exists, this Court lacks subject-matter jurisdiction.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

**REMAND** this case to the Circuit Court for Baltimore City; and

Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

 */s/ Robert H. Kline*_____
Robert H. Kline (#20802)
White and Williams, LLP
600 Washington Ave., Suite, 303
Towson, MD 21204
Telephone (443) 761-6500
Facsimile: (443) 761-6519
Email: kliner@whiteandwilliams.com
Counsel for Plaintiffs

-4-

-5-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 26, 2026 the foregoing Motion to Remand, Memorandum of Law in Support and Proposed Order were filed in accordance with the Electronic Filing Requirements and Procedures, as established by the United States District Court for the District of Maryland.  It was served on all parties of record via the CM/ECF system.

_/s/ Robert H. Kline_____
Robert H. Kline (#20802)
White and Williams, LLP
600 Washington Ave., Suite, 303
Towson, MD 21204
Telephone (443) 761-6500
Facsimile: (443) 761-6519
Email: kliner@whiteandwilliams.com
Counsel for Plaintiffs