**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MARY CARROLL and <br> CORNELIUS CARROLL, *individually* <br> *and as Personal Representative of the Estate* <br> *of Timothy Cartwell*, <br><br>     *Plaintiffs*, <br><br>   v. <br><br> MAYOR & CITY COUNCIL <br> OF BALTIMORE and PACCAR, Inc., <br><br>     *Defendants*. | \* <br><br> \* <br><br> \* <br><br> \* <br><br> Civil Action No. RDB-26-1965 <br> \* <br><br> \* <br><br> \* |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM ORDER**

Plaintiff Mary Carroll and Plaintiff Cornelius Caroll, individually and as personal representative of the estate of Timothy Cartwell (collectively, "Plaintiffs"), bring this wrongful death action against Defendants the Mayor and City Council of Baltimore, Maryland ("Mayor and City Council") and PACCAR, Inc. (collectively, "Defendants"). This case, originally filed in the Circuit Court for Baltimore City, arises out of the death of Timothy Cartwell on November 8, 2024. *See generally* (ECF No. 6-1). Plaintiffs allege that Mr. Cartwell, an employee of the Baltimore City Department of Public Works, was struck and killed by a truck driven by another Baltimore City employee. (ECF No. 11.) Plaintiffs also allege that the truck which struck and killed him was manufactured by Defendant PACCAR. (*Id.*)

There are two motions currently pending before the Court. The first is the Mayor and City Council's Motion to Dismiss the First Amended Complaint. (ECF No. 8.) The second is Plaintiffs' Motion to Remand this case to the Circuit Court for Baltimore City. (ECF No. 12.)

As explained below, the Mayor and City Council's Motion to Dismiss (ECF No. 8) is DENIED AS MOOT and Plaintiffs' Motion to Remand (ECF No. 12) is GRANTED.

Plaintiffs initiated this action on November 7, 2025, in the Circuit Court for Baltimore City. (*Id.*) On February 10, 2026, Defendant PACCAR, Inc., filed a motion to dismiss. *See* (ECF No. 13 at 1 (detailing the procedural history of this case as it relates to PACCAR)). The Circuit Court for Baltimore City held a hearing on that motion on February 25, 2026, and then granted PACCAR's motion on February 26, 2026. (*Id.*) The Circuit Court gave Plaintiffs leave to amend within thirty days. (*Id.*)

On March 26, 2026, Plaintiffs filed a twelve-count First Amended Complaint, which alleged nine state claims against both Defendants as well as three federal claims against the Mayor and City Council.[1] (ECF No. 6.) On April 24, 2026, PACCAR moved to dismiss the First Amended Complaint. (ECF No. 13 at 2.) Around the same time, on May 19, 2026, Defendant the Mayor and City Council removed this case to this Court pursuant to 28 U.S.C. § 1441 and § 1446. (ECF No. 1.) The Mayor and City Council invoked this Court's subject matter jurisdiction of 28 U.S.C. § 1331 and § 1367, relying on the three federal claims in the First Amended Complaint. (ECF No. 1.) Upon removal of the case to this Court, the Mayor and City Council filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.)

On May 26, 2026, Plaintiffs filed the operative seventeen-count Second Amended

---

[1] Specifically, Plaintiffs brought federal claims against the Mayor and City Council in Counts I, II, and III of the First Amended Complaint. (ECF No. 6.) Count I alleged, pursuant to 42 U.S.C. § 1983, that the Mayor and City Council violated the Equal Protection Clause of the Fourteenth Amendment to the Constitution by the Mayor and City Council. (*Id.*) Count II claimed that Defendant violated Standard Number 111 of the National Highway Transportation Safety Administration, 49 C.F.R. § 571.111. (*Id.*) Count III alleged that the Mayor and City Council violated a regulation of the Federal Motor Carrier Safety Administration, 49 C.F.R. § 393.80. (*Id.*)

Complaint (ECF No. 11). which contains no federal claims. Plaintiffs also filed the pending Motion to Remand this case to the Circuit Court for Baltimore City. (ECF No. 12.) Plaintiffs' argument for remand is that this Court no longer has subject matter jurisdiction over the case because there are no longer any federal causes of action. (*Id.*)

On June 3, 2026, Defendant PACCAR filed a Consent Stipulation for Extension of Time to Respond to the Second Amended Complaint, seeking thirty days after this Court rules on the Motion to Remand (ECF No. 12) to file its response to the Second Amended Complaint. (ECF No. 13.) On June 8, 2026, the Mayor and City Council filed a Response to the Motion to Remand asking this Court to enter an order of remand to the state court.[2] (ECF No. 15.)

Given that Defendant the Mayor and City Council, the party that sought removal from state court, consents to this case being remanded to the Circuit Court for Baltimore City, its Motion to Dismiss the First Amended Complaint (ECF No. 8) is DENIED AS MOOT. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) ("Ordinarily, an amended complaint supersedes those that came before it."); *accord Howard v. Ocwen Loan Servicing, Inc.*, RDB-18-3296, 2019 WL 4750333, at *2 (D. Md. Sep. 30, 2019). Likewise, because Defendant the Mayor and City Council has consented to this case being remanded, this Court GRANTS Plaintiffs' Motion to Remand (ECF No. 12).

Accordingly, it is this 9th day of June 2026 HEREBY ORDERED that:

1. Defendant the Mayor and City Council's Motion to Dismiss the First Amended Complaint (ECF No. 8) is DENIED AS MOOT;

---

[2] By e-mail on June 9, 2026, counsel for PACCAR indicated to this Court that it did not oppose this case being remanded to the Circuit Court for Baltimore City.

2. Plaintiffs' Motion to Remand (ECF No. 12) is GRANTED;

3. This case shall be REMANDED to the Circuit Court for Baltimore City;

4. The Clerk of this Court shall CLOSE this case; and

5. The Clerk of this Court shall transmit copies of this Order to counsel.

     /s/            

Richard D. Bennett

United States Senior District Judge

4